Mutual Life Insurance Co. v. Southard.

THE MUTUAL LIFE INSURANCE COMPANY *vs.* SOUTHARD and others.

A personal decree for deficiency of proceeds of sale has not the force and effect of a judgment at law, until the excess of the mortgage debt over the proceeds of sale has been ascertained. Hence a mortgage given by the party against whom such decree was taken, upon other lands, registered after the decree was made, but before the sale under it, is a lien on those lands prior to the decree.

On motion to amend final decree and execution for sale of mortgaged premises.

*Mr. John Whitehead,* for the motion.

*Mr. A. W. Bell,* contra.

THE CHANCELLOR.

The bill in this cause was filed to foreclose a mortgage given to the complainants by Samuel R. Southard and wife. The German Savings Bank was made a party defendant, in respect of a mortgage held by that corporation upon the mortgaged premises covered by the complainants' mortgage, given by Edward A. Condit, a subsequent owner of the property, to Harriet A. Condit, and by her assigned to the bank. It was registered on the 29th of August, 1872. Wilberforce Freeman was also made a defendant, because of a certain decree for deficiency in his favor against Edward A. Condit, made on the 6th of August, 1872, in a foreclosure suit in this court, in which the former was complainant, and the latter, with others, was defendant. At the date of that decree, Condit was the owner of the mortgaged premises in this suit. The decree appears to have been docketed in the office of the clerk of the Supreme Court, on the 10th of January, 1873. The question now before me is between the bank and Freeman, in regard to the lien of that decree. The latter insists that it became a lien on the mortgaged premises in this cause, at its date. The bank, on the other hand, insists that it did not become a lien until after the sale of the mortgaged premises in the suit in which the decree was made, which was subsequent to the registry of their mortgage. The final decree in this suit recognizes the priority of Freeman's decree for deficiency over the mortgage of the bank, and the question is submitted with a view to the amendment of the decree and execution, if the court shall be of opinion that Freeman is not entitled to such priority. By the ninety-second section of the chancery act, (*Nix. Dig.* 118,) it is enacted that all decrees and orders of this court, whereby any sum of money shall be ordered to be paid by one person to another, shall have the force, operation, and effect of a judgment at law in the Supreme Court, from the time of the actual entry of such judgment, and that the Chancellor may order such executions thereon as in other cases. By the supplement to that act, approved March 29th, 1866, (*Nix. Dig.* 119, § 104,) it is

enacted, that it shall be lawful for the Chancellor, in any suit for the foreclosure or sale of mortgaged premises, to decree the payment of any excess of the mortgage debt above the net proceeds of the sales, by any of the parties to such suit, who may be liable, either at law or in equity, for the payment of the same. The decree for deficiency, in Freeman v. Condit, was in these words : " And that, if the proceeds of such sale shall not be sufficient to pay the amount due the complainant, together with interest and costs, the defendant, Edward A. Condit, shall pay the deficiency." It will be seen that the decree was not for the payment of any sum of money, but for the payment of a deficiency, in case one should be found to exist. The practice of this court, under such decrees, is to follow the decree by an order after sale, reciting the proceedings under the execution, and the existence and amount of the deficiency as ascertained by the statement of the officer by whom the writs were executed, and an award of execution, to make the amount with interest, and the costs of the order and the last mentioned writ. The personal decree in this case was, in fact, an inchoate decree, merely. Until the excess, if any, of the mortgage debt over the net proceeds of sale had been ascertained, it could not have the force, effect, or operation of a judgment at law. The power which the statute confers is, to make a personal decree for the excess. The decree, in this case, followed the statute. This subject was considered in Bell v. Gilmore,* decided at the last May Term of this court. The mortgage of the bank is entitled to priority over the decree for deficiency. The decree and execution in this case will be amended accordingly.

---

* Ante p. 104.